■ In the Matter of IREEN PADILLA and Others. NEW YORK FOUNDLING HOSPITAL, Appellant; CARMEN FLAHERTY et al., Respondents; COMMISSIONER OF SOCIAL SERVICES, Petitioner, and RAYMOND GLEICHER, as Law Guardian. —Three orders, Family Court, New York County, entered July 27, 1979, each of which, *inter alia,* discharged a child from foster care to the custody of his parents, unanimously reversed, on the law, without costs or disbursements, and the matter remanded for findings, without prejudice to an application to reopen the hearing to allow the foster parents to testify as to the condition of the children. Involved are three proceedings brought pursuant to section 392 of the Social Services Law to review the foster care status of three sibling children who had remained in foster care for a continuous period of more than the statutory period of 18 months. At the conclusion of the hearing the court, without setting forth its findings in support of its determination, directed the discharge of the children from foster care to the natural parents. Subdivision 7 of section 392 of the Social Services Law, however, specifically requires that the order of disposition "shall include the court's findings supporting its determination that such order is in accordance with the best interest of the child." Accordingly, we remand for the Family Court to state its findings in support of a "best interest of the child" determination. Moreover, the Family Court ruled that the foster parents would not be allowed to testify, except as to a limited degree, not relevant here. As it developed, their testimony, to the extent permitted, was not necessary. Section 392 (subd 4, par [c]) of the Social Services Law provides that the foster parents in whose home the child resided or resides at or after the expiration of a continuous period of 18 months in foster care "shall be a party entitled to participate in the proceeding". There had been an offer of proof that the foster parents would testify to the condition of the children. Consequently, our remand is without prejudice to an application to allow the foster parents to testify, as offered, to the condition of the children, a matter which seems to us to be relevant to the child's best interest. Concur—Fein, J. P., Sandler, Sullivan, Silverman and Carro, JJ.